UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LINCOLN GLASS,

        Petitioner,

v.                                    CAUSE NO. 3:23cr36 DRL
                                                     3:25cv185 DRL

UNITED STATES OF AMERICA,

        Respondent.

## OPINION AND ORDER

Lincoln Glass, a prisoner without a lawyer, filed a petition to vacate his sentence under 28 U.S.C. § 2255. He claims ineffective assistance of counsel. After carefully assessing these contentions and the record, the court denies the petition and a certificate of appealability.

## BACKGROUND

In June 2023, Mr. Glass pleaded guilty with a plea agreement to a one-count indictment—distributing 50 grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). He sold nearly a pound of it in one sale in broad daylight at a well-trafficked retail store parking lot. Mr. Glass was sentenced in February 2024 to a prison term of 132 months. He pursued a direct appeal that same month. He later moved to dismiss the appeal. After a failed compassionate release motion under Amendment 821, he filed this § 2255 petition. He argues his counsel was ineffective for not objecting to methamphetamine purity testing at sentencing.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ

of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to *habeas corpus* relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific will not suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show that the petitioner is not entitled to relief, the court need not hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). Here, Mr. Glass fails to allege sufficient facts showing entitlement to relief.

DISCUSSION

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (collecting cases). To show a violation of this right, a defendant must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v.*

2

*Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

The law "presume[s] that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

Mr. Glass alleges his trial counsel was ineffective for not objecting to the government's methodology for determining whether the methamphetamine was pure or a mixture or substance containing a detectable amount of methamphetamine. He seems to suggest that there was some other amount of untested methamphetamine outside the scope of the 438.6 grams that served as the basis for his sentence. He says this "untested" or "unrecovered" methamphetamine would not have tested pure, thereby materially changing his guideline range. He confuses the drug weight and purity calculation by suggesting the guidelines (in November 2023) did away with what he calls a "purity scale" (something he simply has wrong). He contends that his trial counsel should have objected to the drug purity at sentencing.

Mr. Glass's petition lacks merit to proceed. As a starting point, he pleaded guilty to distributing 50 grams or more of methamphetamine (with a 10-year minimum), not a mixture. He also acknowledged under oath at his change of plea hearing that laboratory testing confirmed that the substance he distributed contained more than 438 grams of pure methamphetamine [55 Tr. 10-11; *see also* 18 ¶ 9(b)]. His admission left nothing for his trial counsel to do, and Mr. Glass offers no evidence that there had been any errors in the existing sample, mistakes in the purity analysis, or any other reason to doubt the testing. His trial counsel could not assert a frivolous

3

objection—exactly what this would have been. *See Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010) (attorney "[o]bviously" not deficient for "failing to lodge a meritless objection"); *see also United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003), *overruled on other grounds*, *Lockhart v. United States*, 577 U.S. 347 (2016).

From there, the presentence report was free to restate this purity conclusion reliably, and the court was permitted to use this amount of actual methamphetamine to arrive at a converted drug weight (along with the fentanyl and marijuana at issue)—just as it did. And the court today is likewise permitted to credit his admissions under oath at the plea hearing rather than his new allusion to something else. *See United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). In short, Mr. Glass has not shown deficient performance by his counsel or prejudice to his sentencing.

To the extent Mr. Glass means to refer to some other untested amount of methamphetamine, no such drug or drug weight was ever used to determine his recommended guideline range (hemmed by the statutory minimum) or otherwise used in deciding his sentence. Mr. Glass seemingly alludes to quantities of methamphetamine for which he was *not* convicted—something that has no bearing on his conviction whatsoever and thus something, by definition, that cannot afford him § 2255 relief.

## CERTIFICATE OF APPEALABILITY

Mr. Glass fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and his request for an evidentiary hearing is denied. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state

the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Based on this record, reasonable jurists could not debate the conclusion today. The court thus denies a certificate of appealability.

## CONCLUSION

The court DENIES Mr. Glass's petition to vacate his sentence under 28 U.S.C. § 2255 and his request to schedule an evidentiary hearing [64] and DENIES a certificate of appealability. This order terminates the civil case [3:25cv185].

SO ORDERED.

June 23, 2025                                      *s/ Damon R. Leichty*
                                                   Judge, United States District Court